UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.: 2:19-cr-146-FtM-38MRM

FIDEL ANTONIO JIMENEZ

_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Fidel Antonio Jimenez's Motion to Dismiss Indictment (Doc. 16), the Government's response (Doc. 17), and Jimenez's reply (Doc. 21). For the below reasons, the Court grants in part and denies in part the motion.

This is an illegal alien reentry case with a venue dispute. Jimenez is an El Salvadorian citizen who was deported from the United States over a decade ago but came back. On January 11, 2019, Jimenez was arrested by local police in the Middle District of Florida. Seven months later, he was sentenced to time served. Jimenez was then transferred to a Miami-Dade Department of Corrections facility—in the Southern District of Florida—because of an outstanding warrant. While there, Immigration and Customs Enforcement ("ICE") caught wind of him and lodged an immigration detainer. About ten days after ICE took custody of Jimenez, a grand jury in the Middle District indicted him for being a once deported alien found unlawfully in the United States in violation of 8 U.S.C. § 1326(a). The Indictment reads:

> On or about January 11, 2019, in the Middle District of Florida,
> the defendant, FIDEL ANTONIO JIMENEZ a/k/a Antonio Jose
> Benavides, being an alien of the United States, who
> previously had been deported, excluded, and removed from

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

the United States on or about January 31, 2003, and who had not received the consent of the Attorney General or the Secretary of Homeland Security to reapply for admission to the United States, was found to be voluntarily in the United States.

(Doc. 1).

Jimenez now moves to dismiss the Indictment for improper venue under Federal Rule of Criminal Procedure 12(b)(3)(A)(i). He says the Middle District is improper because ICE found him in the Southern District. From there, he argues the Southern District also cannot hear this case because he was involuntarily brought there. Because neither the Middle nor Southern Districts are proper venues, he moves to dismiss the Indictment with prejudice.

For its part, the Government concedes ICE found Jimenez in the Southern District. But it argues it can still prosecute Jimenez in the Middle District because § 1326(a) is a continuing offense that may be prosecuted anywhere the crime begins, continues, or ends. The Government asserts Jimenez completed the § 1326(a) crime in the Southern District, but he had been continuing that same crime earlier while in the Middle District.

Boiled down, this Court must decide whether Jimenez can be prosecuted in the Middle District under § 1326(a) when ICE first found him in the Southern District. The Eleventh Circuit has not squarely addressed this issue, so the Court must start with the basics of venue.

Article III and the Sixth Amendment of the United States Constitution safeguard a defendant's right to be tried in the State and district where the crime was allegedly committed. U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI; *see also United States v. Cabrales*, 524 U.S. 1, 6 (1998) ("The Constitution twice safeguards the defendant's

venue right."). Federal Rule of Criminal Procedure 18 reinforces this constitutional guarantee. Fed. R. Crim. P. 18 (stating the government must "prosecute an offense in a district where the offense was committed"). The Government must show, by a preponderance of the evidence, that the charged offense occurred in the district where it is prosecuting the defendant. *See United States v. Burroughs*, 830 F.2d 1574, 1580 (11th Cir. 1987).

There are two venue statutes at play—one generic and another specific. The generic statute, 18 U.S.C. § 3237, covers any crime that is a continuing offense. It says, "[e]xcept as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237. Section 1326(a) has a specific venue provision fixing venue for prosecution of the crime. Under 8 U.S.C. § 1329, venue is proper at any place in the United States where "the violation may occur" or the defendant "may be apprehended." The former applies. Where the violation may occur is dictated by § 1326(a): where the alien enters, attempts to enter, or is found in the United States. *See United States v. Orona-Ibarra*, 831 F.3d 867, 874 (7th Cir. 2016). Both statutes require the Court to examine Jimenez's charged § 1326(a) offense to decide venue.

Section 1326(a) criminalizes three separate acts by deported aliens: entering, attempting to enter, or being at any time found in the United States. 8 U.S.C. § 1326(a) (emphasis added). Jimenez faces only a "found in" offense. As such, the Court focuses only on that offense. Being "found in" is synonymous with being "discovered in" the United

States.  *United States v. Canals-Jimenez*, 943 F.2d 1284, 1287 (11th Cir. 1991).  It starts when the alien enters the country and ends when federal immigration officials actually or constructively know of his illegal status.  *See United States v. Clarke*, 312 F.3d 1343, 1348 (11th Cir. 2002); *United States v. Castrillon-Gonzalez*, 77 F.3d 403, 406 (11th Cir. 1996).  ICE undisputedly found Jimenez in the Southern District.  So, a straightforward reading of § 1329 renders venue proper there.  But the continuing offense venue statute complicates matters.

As stated, the Eleventh Circuit has not addressed whether § 1326 "found in" crimes are continuing offenses for venue.[2]  Against this silence, the Court turns to the other circuits for guidance.

Particularly persuasive is *United States v. Hernandez*, 189 F.3d 785 (9th Cir. 1999).  In *Hernandez*, the defendant was arrested in Oregon for a traffic violation.  While in custody, a federal agent from the Immigration and Naturalization Service ("INS") determined he illegally reentered the country without permission.  Rather than prosecute him in an Oregon federal court, the defendant was transferred to the State of Washington for an outstanding arrest warrant.  While in prison there, another INS agent interviewed the defendant and placed a detainer on him.  After the defendant served his state sentence, INS took custody of him and a grand jury in the Western District of Washington indicted him for violating § 1326(a).  The defendant moved to dismiss the indictment for improper venue.

---

[2] The Eleventh Circuit has addressed "found in" crimes as continuing offenses for purposes of statute of limitations and sentencing calculations.  *See United States v. Scott*, 447 F.3d 1365, 1370 (11th Cir. 2006) (stating "a violation of § 1326 is a continuing offense that can run over a long period of time, as the offense conduct begins when the alien illegally enters the United States and continues until the alien is actually 'found' by immigration authorities"); *see also Clarke*, 312 F.3d at 1348 (holding "the defendant must be 'found in' the United States by federal immigration officials for the § 1326 crime to be complete and for the statute of limitations . . . to begin to run").

The Ninth Circuit agreed with the defendant. It found, "[t]he offense of being found in the United States ends when an alien is discovered and identified by the immigration authorities. We conclude that the crime is completed at that point not only for statute of limitations and Sentencing Guidelines purposes, but also for venue." *Id.* at 791.

Also instructive is the Seventh Circuit's decision in *United States v. Herrera-Ordones*, 190 F.3d 504 (7th Cir. 1999). There, state police arrested the defendant in Elkhart Indiana, in the Northern District of Indiana. INS agents interviewed him but could not confirm he violated § 1326(a) because he gave a false name and social security number. Meanwhile, the defendant was transferred to another state prison in the Southern District of Indiana. Once there, INS agents discovered his identity and filed an immigration detainer. A grand jury charged him in the Southern District. The defendant moved to dismiss the indictment for improper venue, arguing venue was proper in the Northern District where he was first discovered. The Seventh Circuit disagreed. It held venue was proper in the Southern District because that is where INS actually identified him and his illegal status. *Id.* at 511. In other words, the Southern District was the proper venue because that is where the defendant was found.

Although not binding, the logic of these cases is undeniable–and they counsel that venue is improper in the Middle District. ICE found Jimenez in the United States while he was in the Southern District. The Eleventh Circuit (like the Ninth Circuit) has held that only ICE finding an illegal alien triggers the statute of limitations. *Clarke*, 312 F.3d at 1346. The same conclusion fits for venue. The point in which federal—not state—authorities discover an illegal alien must trigger venue. *See generally United States v. Liles*, 670 F.2d 989, 991 (11th Cir. 1982) (stating § 1329 "ensures that a defendant will

be tried in the district in which he commits the offense").  To hold otherwise would rewrite the law, which provides that venue is proper where the offense of being found in the United States was committed.  The Court simply cannot ignore the constitutional and procedural requirements that mandate Jimenez be tried in the district in which he allegedly committed the indicted crime.

Both parties claim *United States v. Ruelas-Arreguin*, 219 F.3d 1056 (9th Cir. 2000) supports their position.  There, an illegal alien-defendant reentered the United States while hiding in a pickup truck.  A federal border patrol agent in southern California was tipped about the truck and followed it.  After a few miles, the agent pulled the truck over in Arizona and discovered the defendant.  The agent arrested the defendant and took him to an Arizona border patrol office where he admitted to being in the country unlawfully.  The defendant was indicted in the Southern District of California for being "found in" the United States.  On appeal, the defendant argued venue was proper in the District of Arizona where he was actually found.  The Ninth Circuit said venue was proper in California or Arizona.

The panel concluded that a § 1326 "found in" crime is a continuing offense because entering the United States is a prerequisite to being found in the country.  From there, it turned to § 3237's venue statute to hold "the crime commenced in the Southern District of California and continued until his apprehension." *Id.* at 1061.  With little explanation, the court also found § 1329's and § 3237's venue provisions to be consistent. *Id.* (stating "[v]enue lying at any place . . . at which the violation may occur is entirely consistent with the idea of a continuing offense" (quotations omitted)).

6

Using *Ruelas-Arreguin*, the Government argues it can prosecute Jimenez in any district where he was *continuing* or completed the crime of being an unlawful alien found in the United States. Because local authorities found Jimenez in the Middle District on January 11, which marks the beginning of his charged offense, the Government says venue is proper here. And the only significance of ICE discovering Jimenez in the Southern District is to show he completed the offense. Jimenez reads *Ruelas-Arreguin* differently. He says the case does not support the Government's position because federal border patrol agents were the only law enforcement the defendant encountered.

*Ruelas-Arreguin* is unpersuasive on many levels. Most notably, the case factually differs. It did not address the situation here: local police arresting an illegal alien for an unrelated crime and transferring him to another district months later where ICE found him. And although the Eleventh Circuit has said little about § 1326 "found in" offenses, it has been clear that federal immigration officials must know of the alien to trigger procedural measures like the statute of limitations. In *Ruelas-Arreguin*, the defendant only encountered federal immigration authorities, making it straightforward for the Ninth Circuit to find venue proper in multiple districts. Here, ICE never entered the picture until after Jimenez left the Middle District. And once ICE found him, he was brought back to the Middle District to be prosecuted for unknown reasons. The *Ruelas-Arreguin* court also glossed over the interplay between § 1329 and § 3237 saying they are consistent. The Court is hard pressed to adopt that cursory statement. Section 3237 opens with, "[e]xcept as otherwise expressly provided by enactment of Congress." 8 U.S.C. § 3737(a). And for § 1326(a) offenses, Congress has enacted a specific venue statute that requires Jimenez to be prosecuted in the district where he was found in the United States. The

7

Government essentially asks this Court to ignore the specific venue statute (which it cannot satisfy), but it presents no authority for the Court to do so.

For the above reasons, the Court dismisses the indictment for improper venue. However, it will not dismiss the indictment with prejudice. Whether Jimenez can be prosecuted in the Southern District is a matter for that jurisdiction to decide. And Jimenez having been involuntarily transferred to the Southern District could be of no moment because he arguably had the mens rea to commit the illegal reentry crime by choosing to renter the United States. *See Herrera-Ordones,* 190 F.3d at 511. The Court thus denies Jimenez's motion to the extent that he seeks dismissal with prejudice.

Accordingly, it is now

**ORDERED:**

Defendant Fidel Antonio Jimenez's Motion to Dismiss Indictment (Doc. 16) is **GRANTED in part and DENIED in part**. The Court dismisses the Indictment without prejudice for lack of venue.

**DONE and ORDERED** in Fort Myers, Florida on this 19th day of December 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record